IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FELIX CALVIN CUNNINGHAM, # 93791**                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:12cv634-CWR-FKB**

**HINDS COUNTY SHERIFF'S DEPARTMENT; HINDS COUNTY DISTRICT ATTORNEY; GOVERNOR PHIL BRYANT; BARBARA DUNN; KATIE BRADSHAW; HINDS COUNTY PUBLIC DEFENDER; HINDS COUNTY CIRCUIT COURT; MAYOR HARVEY JOHNSON; MICHELE PURVIS HARRIS; HINDS COUNTY CIRCUIT CLERK OFFICE; HINDS COUNTY, MISSISSIPPI; HONORABLE TOMIE T. GREEN; ROBERT S. SMITH; GRETA HARRIS; CITY OF JACKSON, MISSISSIPPI; STATE OF MISSISSIPPI; SHERIFF TYRONE LEWIS; EDDIE JEAN CARR; HINDS COUNTY DETENTION FACILITY; DR. ROBERT TATUM; HINDS COUNTY BOARD OF SUPERVISORS; ROBERT GRAHAM; DOUGLAS ANDERSON; PEGGY HOBSON CALHOUN; PHIL FISHER; GEORGE S. SMITH; KENNETH STOKES; HINDS COUNTY HEALTH DEPARTMENT; CITY OF RAYMOND; HINDS COUNTY DEPARTMENT OF HUMAN SERVICES; MALCOLM MCMILLIN; and SHUNDRAL HOBSON**                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Felix Calvin Cunningham's pleadings. He is a pretrial detainee at the Hinds County Detention Facility. He complains of his conditions of confinement and the fact of his pretrial detention. He seeks damages, dismissal of the State criminal proceedings, and return of his seized truck. The Court has considered and liberally

construed the pleadings. As set forth below this case is dismissed.

## BACKGROUND

Cunningham filed this action on September 12, 2012. He alleges that on July 4, 2011, he reported to the Jackson Police Department that his truck was stolen. Subsequent to the police investigation, he claims he was wrongfully arrested for burglary of a business. As a result, he has since been detained at the Hinds County Detention Facility, where he claims there are numerous unconstitutional conditions of confinement. He further complains of alleged errors in the State criminal proceedings.

This is not the first time Cunningham has brought suit complaining of his conditions or his arrest and detention. The first conditions case, *Cunningham v. Lewis*, cause number 3:12cv443-HTW-LRA,[1] was filed on May 29, 2012, and remains pending. That case was brought against Defendants Hinds County, Mississippi; Sheriff Tyrone Lewis; Dr. Robert Tatum; Hinds County Board of Supervisors; and former Sheriff Malcolm McMillin, among others. The first habeas and 42 U.S.C. 1983 claims challenging the arrest and detention were filed August 30, in *Cunningham v. Jimerson*, cause number 3:12cv615-DPJ-FKB. That case was brought against Defendants Katie Bradshaw; Michele Purvis Harris; Robert S. Smith; City of Jackson, Mississippi; and Shundral Hobson, among others. The Section 1983 claims remain pending in that case. The habeas claims were severed on September 7, opened in *Cunningham v. Jackson Police Department*, cause number 3:12cv627-WHB-LRA, and dismissed on September 25. All of these actions were pending at the time Cunningham filed the instant Complaint. In this case, he names 22 additional Defendants to the ten already mentioned.

---

[1]This case was originally filed as *Walker v. Lewis*, cause number 3:12cv364-HTW-LRA, by four different Plaintiffs. Cunningham's claims were severed on June 29, and opened in cause number 3:12cv443-HTW-LRA.

**DISCUSSION**

Cunningham challenges the conditions of his confinement and the fact of his detention under Section 1983, 28 U.S.C. 2241, and State law.

SECTION 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Cunningham to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

I. CONDITIONS

    A. HINDS COUNTY SHERIFF'S DEPARTMENT AND THE JAIL

First Cunningham sues the Hinds County Sheriff's Department and the jail for the conditions of his confinement. Their capacities to be sued are determined by Mississippi law. Fed. R. Civ. P. 17(b)(3). In Mississippi, neither a sheriff's department nor a jail are separate

3

legal entities which may be sued, rather they are extensions of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009) (jail); *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department). Therefore, the Court dismisses the Sheriff's Department and the jail.

### B. THE COUNTY, LEWIS, BOARD OF SUPERVISORS, AND MCMILLIN

Next Cunningham sues the County and Lewis for lack of security, the July 2012 riot, inadequate legal services, improper building maintenance, overcrowding, and unsanitary conditions. Cunningham sues McMillin for lack of security, the July 2012 riot, unsanitary conditions, and alleged defects in the grievance procedures. Cunningham alleges, "'The Riot' is a prime example of how the Sheriff Dept. had not maintain[ed] the security, safety, overcrowded housing, and building maintenance of the Detention Center." (Compl. at 11). Finally, he sues the Board of Supervisors for the alleged conditions at the jail, not supporting the Sheriff's Department, and not doing an inspection earlier. All of these claims are being prosecuted by him against these Defendants in *Lewis*. The riot allegation was not added to *Lewis* until eight days after the instant case was filed. *Lewis*, No. 3:12cv443-HTW-LRA, Dkt. 26 (S.D. Miss. Sept. 20, 2012).

The claims against these Defendants are dismissed as duplicative to *Lewis*. Furthermore, it is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). *See also Hoskins v. Parks*, No. 3:12cv552, 2012 WL 4431156, at *2 (S.D. Miss. Sept. 25, 2012); and *Evans v. Sparkman*, No. 3:12cv112, 2012 WL 955223 (S.D. Miss. May 20, 2012). Since all claims, other than the riot claim, were pending against these Defendants when the present action was filed, they are likewise dismissed as malicious. They are dismissed without prejudice as to

4

the prior pending lawsuit of *Lewis* and are dismissed with prejudice in all other respects. *Id.* These dismissals count as a strike under Section 1915(g).

C. EDDIE JEAN CARR

Cunningham next contends Hinds County Chancery Clerk Eddie Jean Carr is responsible for supporting Sheriff Lewis and for the upkeep of the jail. Therefore Cunningham sues her for the alleged unconstitutional conditions of the jail.

This claim is patently frivolous. "Sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties." *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). Carr's duties as Chancery Clerk and the clerk of the Board of Supervisors do not include supporting the Sheriff nor maintaining the jail. Miss. Const. art. VI, § 170; Miss. Code Ann. §§ 9-5-131, et seq., 19-3-27, 19-17-1, et seq. (2012); Miss. R. Civ. P. 4(d)(6); *Barlow v. Weathersby*, 597 So. 2d 1288, 1292 (Miss. 1992). This claim is dismissed with prejudice as frivolous and will count as a dismissal pursuant to Section 1915(g).

D. DR. TATUM

Cunningham alleges that Dr. Tatum is a doctor at the jail. He is sued for alleged deliberate indifference to Cunningham's unspecified medical needs. This is the same claim as the one filed against Dr. Tatum in *Lewis*. The denial of medical care claim is dismissed as malicious. This dismissal counts as a strike under Section 1915(g).

E. ROBERT GRAHAM, DOUGLAS ANDERSON, PEGGY HOBSON CALHOUN, PHIL FISHER, GEORGE S. SMITH, AND KENNETH STOKES

Cunningham alleges that Robert Graham, Douglas Anderson, Peggy Hobson Calhoun, Phil Fisher, George S. Smith, and Kenneth Stokes are members of the Board of Supervisors and that they did not support the Sheriff's Department in maintaining the jail "before the complaints

on the poor conditions" and failed to investigate into the conditions sooner. (Resp. at 13). Cunningham accuses these Defendants of not being concerned "until the problems in the facility were expose[d] on [sic] the local new[s] media." *Id.* "Also, it was the Board member Mr. Stokes that brought the complaints to the public and local news media['s] attention to the poor conditions, unsafe and unhealthy living conditions of the inmates at the Hinds Co. Detention facility in Raymond, MS. [sic] under the present elected Sheriff Tyrone Lewis." *Id.* at 14.

To succeed on a claim of unconstitutional conditions of confinement, the plaintiff must allege, among other things, that the defendant acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). To act with deliberate indifference, a state actor must consciously disregard a known and excessive risk to the victim's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). These Defendants are not accused of being deliberately indifferent to anything. In fact, Stokes is alleged to have brought the alleged faulty conditions to the public's attention. He and the others are alleged to have been concerned about the conditions and taken action after being on notice. Despite being given the opportunity to do so, Cunningham fails to state claims against these Defendants upon which relief could be granted. These dismissals count as a strike pursuant to Section 1915(g).

  F.  HINDS COUNTY HEALTH DEPARTMENT AND HINDS COUNTY DEPARTMENT OF HUMAN SERVICES

Cunningham sues the Hinds County Health Department "for not during [sic] a regular inspection on the Hinds Co. Detention facility in Raymond, MS. [sic] making sure that the facility is maintaining a healthy environment for the Plaintiff and other inmates according to Hinds Co. Health Dept. Standard[s]." (Resp. at 15). This, he claims, violates his rights against cruel and unusual punishment. He alleges the Hinds County Department of Human Services did

not investigate the living conditions at the jail from July 4, 2011 to July, 2012.

A municipality may be held liable under Section 1983 when its official policies or custom violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the County, under Section 1983, Cunningham must allege (1) the existence of a policymaker and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

First, the claims fail as a matter of law because neither Departments are policymakers with respect to the jail. Second, the claims fail because Cunningham does not allege an official custom, policy or practice by these Defendants. Rather, his allegations arise to nothing more than mere negligence. Negligence does not amount to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 332-333 (1986).

Finally, Cunningham has no constitutional right to have an annual inspection, because even the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Smallwood v. McDonald*, 805 F.2d 1036, 1036 (6th Cir. 1986); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Davis v. Hanford*, No. 3:11cv1364, 2011 U.S. Dist. LEXIS 137817 at *6 (W.D. La. Oct. 25, 2011); *Newsome v. Primes*, No. 05-5465, 2008 U.S. Dist. LEXIS 37104 at *5-6 n.3 (E.D. La. Mar. 17, 2008); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 U.S. Dist. LEXIS 85050 at *10-11 (S.D. Miss. Nov. 21, 2006); *Bloch v. Lake*, No. 3:03cv2965-G, 2004 U.S. Dist. LEXIS 8582 at *15 (N.D. Tex. May 10, 2004); *May v. Kennard Indep. Sch. Dist.*, No. 9:96cv256, 1996 U.S. Dist. LEXIS 14596 at * 12-13 (E.D. Tex. Oct. 1, 1996). The claims against the

Departments are dismissed with prejudice as frivolous and for failure to state a claim against them upon which relief may be granted. These dismissals count as a strike pursuant to Section 1915(g).

### G. CITY OF RAYMOND

Next, Cunningham seeks to hold the City of Raymond liable for the alleged breach of fire and building codes at the County jail merely because it is within the territorial limits of Raymond.

The *Monell* claim against the City of Raymond likewise fails as a matter of law, because the City is not the final policymaker for the jail. In any event, Cunningham points to no official city policy, custom, or practice that was perpetrated. The City of Raymond is dismissed as frivolous and for failure to state a claim against it upon which relief could be granted. This dismissal counts as a strike pursuant to Section 1915(g).

## II. ARREST AND DETENTION

### A. HINDS COUNTY DISTRICT ATTORNEY, ROBERT SMITH, AND HOBSON

Next Cunningham names the Hinds County District Attorney as a Defendant in the challenge to the State court proceedings. Cunningham admits this Defendant is the same as Robert Smith. Accordingly, the "District Attorney" is dismissed as redundant.

Cunningham alleges Hinds County District Attorney Robert Smith and Assistant District Attorney Hobson are prosecuting the State criminal case. Cunningham alleges he filed motions in the State criminal case, complaining of the alleged wrongful arrest and search. Nevertheless, he claims these two Defendants did not investigate nor respond to the motions. These identical claims are currently pending in *Jimerson* and were at the time the instant case was filed. The claims against Robert Smith and Hobson are therefore dismissed as malicious. These dismissals

count as a strike under Section 1915(g).

### B. BARBARA DUNN

Cunningham sues Hinds County Circuit Clerk Barbara Dunn because her "office fail[ed] to give nor set an arraignment date for the Plaintiff within 30 day[s of his indictment]." (Resp. at 2). In other words, he seeks to hold her vicariously liable for an alleged failure within her office.

Whether or not this was a constitutional violation, "[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Despite being give the opportunity to do so, Cunningham fails to point to any personal involvement or wrongdoing attributable to her. She is therefore dismissed for failure to state a claim upon which relief could be granted. This dismissal counts as a strike pursuant to Section 1915(g).

### C. BRADSHAW, HINDS COUNTY PUBLIC DEFENDER, AND MICHELE HARRIS

Cunningham claims Bradshaw is an Assistant Public Defender who represented him from February 17, to May, 2012, when he filed a Bar Complaint against her. He accuses her of ineffective assistance of counsel for not timely filing motions he requested and investigating his claim of wrongful arrest and search by the police department. He brings the same complaints against Michele Harris. These claims are currently pending in *Jimerson*. They are therefore dismissed as malicious.

Next Cunningham names the Hinds County Public Defender in his challenge to the State court proceedings. He admits this Defendant is the same as Michele Harris. Accordingly, the "Public Defender" is dismissed as redundant. These dismissals count as a strike under Section1915(g).

D.   MAYOR HARVEY JOHNSON

Cunningham argues that Mayor Harvey Johnson is vicariously liable for the acts of the police officers who allegedly falsely arrested and wrongfully searched Cunningham. As with Dunn, there is no *respondeat superior* liability of supervisors. Despite being give the opportunity to do so, he fails to point to any personal involvement or wrongdoing attributable to Johnson. He is therefore dismissed for failure to state a claim upon which relief could be granted. This dismissal counts as a strike pursuant to Section 1915(g).

E.   HINDS COUNTY CIRCUIT CLERK OFFICE

Cunningham also names the Hinds County Circuit Clerk Office for the alleged false detention. He brings the identical claims as he does against Dunn, i.e., that the Clerk's Office failed to timely set his arraignment date.

This *Monell* claim fails, because Cunningham does not point to any official custom, policy, or practice of the Clerk's Office that caused the alleged delay in his arraignment. The Clerk's Office is dismissed for failure to state a claim against it upon which relief could be granted. This dismissal counts as a strike pursuant to Section 1915(g).

F.   GRETA HARRIS

Cunningham alleges Greta Harris was the first Assistant Public Defender assigned to his case from his July, 2011 preliminary hearing until his February 17, 2012 arraignment. He complains that he informed her of the alleged wrongful search and arrest but he never heard from her again. But for this, he claims he never would have been indicted in October, 2011.

The Section 1983 claim against Greta Harris fails, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). This is

10

because, whether or not she was retained or appointed, she owes her duty to her client, not the State. *Id.* at 317. He merely complains that she did not perform her duties well because she did not communicate with him. This is his sole allegation despite being given the opportunity to plead more. This claim is dismissed, therefore, with prejudice as frivolous and counts as a strike pursuant to Section 1915(g). *Marts v. Hines*, 68 F.3d 134,136 (5th Cir. 1995).

### G. CITY OF JACKSON

Cunningham sues the City of Jackson for the alleged wrongful arrest and search by the police officers. These identical claims are currently pending in *Jimerson*, and were at the time the instant case was filed. The claims are therefore dismissed as malicious. This dismissal counts as a strike under Section 1915(g).

### III. GOVERNOR PHIL BRYANT AND STATE OF MISSISSIPPI

Cunningham sues Governor Phil Bryant, in his official capacity, and the State of Mississippi for the alleged failure of the District Attorney's office to respond to Cunningham's State court motions and for failure to investigate the July riot in the jail. He seeks damages for both claims and injunctive relief for the arrest claim.

A claim brought against a government employee in his official capacity is actually a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus the claims against Bryant are actually claims against the State.

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a

State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky*, 473 U.S. at 167 n.14). "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Therefore, the Section 1983 claims against the State and the Section 1983 claims for damages against Bryant are dismissed with prejudice.

To the extent Bryant is sued for injunctive relief, Cunningham argues Bryant is vicariously liable for all local governments within Mississippi. Therefore, Cunningham maintains Bryant is liable for the alleged failure of the District Attorney to respond to certain State court motions. There is no *respondeat superior* liability, and despite being given the opportunity to do so, Cunningham fails to point to any personal involvement or wrongdoing attributable to Bryant. The remaining Section 1983 claims against him are dismissed without prejudice for failure to state a claim. This dismissal counts as a strike pursuant to Section1915(g).

IV.    HINDS COUNTY CIRCUIT COURT AND HONORABLE TOMIE T. GREEN

Cunningham also names the Hinds County Circuit Court for the alleged false detention. This Defendant is the same as Defendant Judge Tomie T. Green. Therefore, the Circuit Court is dismissed as redundant.

Cunningham alleges Judge Green is the presiding judge over the State criminal case in the Hinds County Circuit Court. He accuses her of violating his rights to a speedy and fair trial

by not ruling on his fifteen *pro se* State court motions sooner than she did and by ultimately denying his motions. In other words, he complains about actions taken in the course and scope of her role as judge over the State case. He also complains that she should have "stepp[ed] in to help solve some of the conditions & problems at the Detention Center." (Resp. at 7-8).

First the Court examines the claim regarding Judge Green's handling of Cunningham's criminal case. A judge enjoys absolute immunity from a civil action when performing within her judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit announced a four factor test to determine whether a judge acted within the scope of her judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* In applying the four factors to the facts alleged, it is clear that Judge Green is absolutely immune from this lawsuit. The decisions as to when and how to rule on motions are within the normal judicial function, which arose out of her official capacity. *See Ingram v. Mooney*, No. 4:12cv74, 2012 WL 2025235, at *2 (S.D. Miss. June 5, 2012). Furthermore, there is no indication that her actions occurred outside her chambers. The controversy undisputedly centers

around a criminal case pending, and in direct response to motions filed, before her. Consequently, the Court finds Cunningham cannot maintain this claim against her.

As for whether Judge Green should have investigated the jail, this claim, too, fails. Cunningham merely makes the conclusory statement that she should have conducted this investigation. The only basis for this investigation would appear to be local news reports on the alleged unconstitutional conditions of confinement. He did not elaborate on this claim even though he was given the opportunity to do so. There is no authority for her to *sua sponte* investigate the jail, especially when he does not so much as allege there was a case or controversy pending before her in State court. This claim is dismissed with prejudice as frivolous, and the dismissal counts as a strike pursuant to Section 1915(g).

V.      EXCESSIVE FORCE

Cunningham alleges he was subjected to "unnecessary force, profane, and vulgar language" when SWAT team members were brought in the jail in response to the July riot. (Compl. at 12). He admits he "was not physically injured . . . but were [sic] verbally abuse[d] and body search[ed]," even though he did not participate in the riot. (Resp. at 17).

The Due Process Clause, applicable to the States via the Fourteenth Amendment, protects a pretrial detainee from excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.11 (1989). The standard for analyzing an excessive force claim under the Fourteenth Amendment is the same as the Eighth Amendment standard. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). This right is violated if there is (1) more than a de minimis injury, (2) which resulted directly and only from the use of force that was excessive to the need, and (3) the force was objectively unreasonable. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Because Cunningham admits he did not suffer any physical injury, this claim fails as

a matter of law.  This claim is therefore dismissed as frivolous and will count as a strike pursuant to Section 1915(g).

S<small>ECTION</small> 2241

Cunningham also raises habeas claims under Section 2241.  At the time of this Complaint, these identical habeas claims were pending in *Jackson Police Department*.  That case has since been dismissed without prejudice for failure to exhaust state remedies.  *Jackson Police Dep't*, Cause No. 3:12cv627-WHB-LRA (S.D. Miss. Sept. 25, 2012).  Therefore the Court dismisses the habeas claims without prejudice.

S<small>TATE</small> L<small>AW</small> C<small>LAIMS</small>

The State law claims against Bradshaw, Michele Harris, the County, Robert Smith, the City of Jackson, Lewis, the Board of Supervisors, McMillin, and Hobson, and the medical malpractice claim against Dr. Tatum are duplicative and malicious and will therefore be dismissed.

As for the remaining State law claims, the Court declines jurisdiction under 28 U.S.C. 1367(c).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Hinds County Sheriff's Department and Hinds County Detention Facility should be and are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants Hinds County, Mississippi; Sheriff Tyrone Lewis; Hinds County Board of Supervisors; and Malcolm McMillin are **DISMISSED** as duplicative and malicious.  These dismissals are **WITHOUT PREJUDICE** as to the prior pending lawsuit of *Cunningham v. Lewis*, Cause No. 3:12cv443-HTW-LRA (S.D. Miss.) and are **WITH PREJUDICE** in all other respects.  These

dismissals count as a strike pursuant to 28 U.S.C. 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claims against Defendants Eddie Jean Carr and Greta Harris and the excessive force claim are **DISMISSED WITH PREJUDICE** as frivolous. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g). The State law claims against Carr and Greta Harris are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 and medical malpractice claims against Defendant Dr. Robert Tatum are **DISMISSED** as malicious. These dismissals are **WITHOUT PREJUDICE** as to the prior pending lawsuit of *Cunningham v. Lewis*, Cause No. 3:12cv443-HTW-LRA (S.D. Miss.) and are **WITH PREJUDICE** in all other respects. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g). The remaining State law claim against Dr. Tatum is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claim against Defendants Robert Graham, Douglas Anderson, Peggy Hobson Calhoun, Phil Fisher, George S. Smith, Kenneth Stokes, Barbara Dunn, Mayor Harvey Johnson, and Hinds County Circuit Clerk Office are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g). The State law claims against these Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claims against Defendants Hinds County Department of Health and Hinds County Department of Human Services are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. These dismissal count as a strike pursuant to 28 U.S.C. 1915(g). The State law claims against these Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claims against Defendant City of Raymond **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. These dismissal counts as a strike pursuant to 28 U.S.C. 1915(g). The State law claims against this Defendant are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants Hinds County District Attorney; Robert S. Smith; Shundral Hobson; Katie Bradshaw; Hinds County Public Defender; Michele Purvis Harris; and the City of Jackson, Mississippi are **DISMISSED** as malicious. These dismissals are **WITHOUT PREJUDICE** as to the prior pending lawsuit of *Cunningham v. Jimerson*, Cause No. 3:12cv615-DPJ-FKB (S.D. Miss.) and are **WITH PREJUDICE** in all other respects. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claims for damages against Defendant Governor Phil Bryant and the Section 1983 claims against the State of Mississippi are **DISMISSED WITH PREJUDICE** under immunity. The Section 1983 claim for injunctive relief against Bryant is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted and counts as a strike pursuant to 28 U.S.C. 1915(g). The State law claims against Bryant and the State are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 1983 claims against Defendants Hinds County Circuit Court and Honorable Tomie T. Green are **DISMISSED WITH PREJUDICE** under immunity and as frivolous. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g). The State law claims against the Circuit Court and Green are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Section 2241 habeas claims are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this the 1st day of November, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
